Mr. Cecil Malone, Chairman Coalition for a Healthier Arkansas 1100 North University P.O. Box 251505 Little Rock, Arkansas 72205-1505
Dear Mr. Malone:
This is in response to your request, submitted March 13, 1992, for "consideration and advice" on an initiated act proposed by your organization. It should be noted that the sole power and duty of the Attorney General's office as regards such initiated acts is the approval and certification or the substitution and certification of the ballot title and popular name of such measures. See A.C.A. § 7-9-107. Such certification therefore follows.
You have submitted the following two popular names and ballot title with your request:
(Popular Name)
[Choice One]
TOBACCO TAX AND HEALTH ACT
[Choice Two]
TOBACCO PRODUCTS TAX ACT
(Ballot Title)
 AN INITIATED ACT OF THE STATE OF ARKANSAS TO PROVIDE FOR A SURTAX ON CIGARETTES AND ALL OTHER RETAIL TOBACCO PRODUCTS IN ADDITION TO ALL EXISTING TAXES IN THE AMOUNT OF 12.5 MILLS PER CIGARETTE OR 25¢ PER PACK AND EQUALLY PROPORTIONATE AMOUNTS ON ALL OTHER TOBACCO PRODUCTS. THE REVENUES COLLECTED FROM THESE TAXES SHALL BE BE [SIC] DEPOSITED AS SPECIAL REVENUES IN THE CIGARETTE AND TOBACCO PRODUCTS SURTAX FUND ACCORDING TO THE FOLLOWING FORMULA:
 1. 50% SHALL BE DEPOSITED TO THE MEDICAL SERVICES FUND ACCOUNT FOR THE PURPOSE OF PROVIDING HEALTH CARE FOR INDIGENT AND ELDERLY ARKANSANS;
 2. 20% SHALL BE DEPOSITED TO THE SENIOR CITIZENS FUND ACCOUNT FOR THE PURPOSE OF PROVIDING TRANSPORTATION AND HOME CARE SERVICES SUCH AS HOT MEALS TO THOSE OLDER ARKANSANS REQUIRING THEM AS A RESULT OF INFIRMITY, INJURY, INCAPACITY OR INDIGENCE;
 3. 15% SHALL BE DEPOSITED TO THE HEALTH EDUCATION FUND ACCOUNT FOR THE PURPOSE OF PROVIDING EDUCATIONAL PROGRAMS TO DISCOURAGE YOUNGER ARKANSANS, ESPECIALLY ELEMENTARY SCHOOL AGED CHILDREN AND TEENAGERS FROM DRUG, ALCOHOL AND TOBACCO USE AND ABUSE;
 4. 10% SHALL BE DEPOSITED TO THE CHILDREN'S SERVICES FUND ACCOUNT FOR THE PURPOSE OF THE ENHANCEMENT OF FAMILY PRESERVATION AND AID TO ABUSED AND NEGLECTED CHILDREN;
 5. 5% SHALL BE DEPOSITED TO THE DISEASE SURVEILLANCE AND RESEARCH FUND ACCOUNT FOR THE PURPOSE OF FUNDING THE CANCER REGISTRY, THE ACQUISITION AND DISSEMINATION OF DATA ON HEALTH CARE ISSUES AND OTHER TOBACCO-RELATED DISEASE AND CANCER RESEARCH.
 THE DIRECTOR OF THE DEPARTMENT OF HEALTH SHALL BE THE DISBURSING OFFICER FOR THE HEALTH EDUCATION FUND ACCOUNT AND THE DISEASE SURVEILLANCE AND RESEARCH FUND ACCOUNT.
 THE DIRECTOR OF THE DEPARTMENT OF HUMAN SERVICES SHALL BE THE DISBURSING OFFICER FOR THE MEDICAL SERVICES FUND ACCOUNT, THE SENIOR CITIZENS FUND ACCOUNT AND THE CHILDREN'S SERVICES FUND ACCOUNT.
 THIS ACT SHALL BECOME EFFECTIVE JANUARY 1, 1993, AND THE TAXES LEVIED BY THIS ACT SHALL BECOME EFFECTIVE THE SAME DAY.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed act. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed initiative which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990) citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts to your submitted popular names, it is my opinion that the submitted popular name "TOBACCO TAX AND HEALTH ACT" lends partisan coloring to the merits of the proposal, and the popular name "TOBACCO PRODUCTS TAX ACT" may be construed as misleading because cigarettes are not included in the definition of "tobacco products" under the act. Each of the submitted popular names is therefore rejected and the following substituted therefor:
 CIGARETTE AND TOBACCO PRODUCTS TAX ACT
Similarly, in my opinion, the submitted ballot title should be modified and expanded to give the voters a fairer understanding of your proposed initiative act. The ballot title submitted is therefore rejected and the following substituted therefor:
 AN INITIATED ACT OF THE STATE OF ARKANSAS TO PROVIDE FOR AN EXCISE TAX ON CIGARETTES AND ALL OTHER TOBACCO PRODUCTS, AS DEFINED THEREIN, IN ADDITION TO ALL EXISTING TAXES IN THE AMOUNT OF 12.5 MILLS PER CIGARETTE OR 25¢ PER PACK AND AN AMOUNT EQUIVALENT TO THE COMBINED RATE OF TAX ON CIGARETTES ON ALL OTHER TOBACCO PRODUCTS; SUCH RATE ON OTHER TOBACCO PRODUCTS TO BE DETERMINED BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION; REQUIRING COLLECTION OF THE TAX IN THE MANNER PROVIDED FOR IN A.C.A. § 26-57-201 ET SEQ.; PROVIDING THAT THE REVENUES COLLECTED FROM THIS TAX SHALL BE DEPOSITED AS SPECIAL REVENUES IN THE CIGARETTE AND TOBACCO PRODUCTS SURTAX FUND CREATED BY THIS ACT ON THE BOOKS OF THE STATE TREASURER, AUDITOR, AND CHIEF FISCAL OFFICER OF THE STATE AND CREDITED TO THE FIVE ACCOUNTS CREATED THEREIN ACCORDING TO THE FOLLOWING FORMULA: 50% SHALL BE DEPOSITED TO THE MEDICAL SERVICES FUND ACCOUNT FOR THE PURPOSE OF PAYING HEALTH CARE PROVIDERS FOR CARE OF PATIENTS CERTIFIED ELIGIBLE FOR MEDICAID; 20% SHALL BE DEPOSITED TO THE SENIOR CITIZENS FUND ACCOUNT FOR THE PURPOSE OF PROVIDING HOME AND COMMUNITY-BASED SERVICES, INCLUDING TRANSPORTATION AND MEALS FOR PERSONS AT LEAST SIXTY YEARS OF AGE; 15% SHALL BE DEPOSITED TO THE HEALTH EDUCATION FUND ACCOUNT FOR THE PURPOSE OF PROVIDING EDUCATIONAL PROGRAMS FOR THE PREVENTION AND REDUCTION OF DRUG, ALCOHOL AND TOBACCO USE AND ABUSE, PRIMARILY AMONG SCHOOL AGE CHILDREN; 10% SHALL BE DEPOSITED TO THE CHILDREN'S SERVICES FUND ACCOUNT FOR THE PURPOSE OF PROVIDING SERVICES TO ABUSED AND NEGLECTED CHILDREN, AND FOR FAMILY PRESERVATION; 5% SHALL BE DEPOSITED TO THE DISEASE SURVEILLANCE AND RESEARCH FUND ACCOUNT FOR THE PURPOSE OF FUNDING THE CANCER REGISTRY, THE ACQUISITION AND DISSEMINATION OF DATA ON HEALTH CARE ISSUES AND OTHER DISEASE AND CANCER RESEARCH; DESIGNATING THE DIRECTOR OF THE DEPARTMENT OF HEALTH AS THE DISBURSING OFFICER FOR THE HEALTH EDUCATION FUND ACCOUNT AND THE DISEASE SURVEILLANCE AND RESEARCH FUND ACCOUNT; PROVIDING THAT ANY SCHOOL RECEIVING FUNDS FROM THE HEALTH EDUCATION FUND ACCOUNT MUST BECOME TOTALLY TOBACCO FREE (MEANING NO POSSESSION OR USE OF CIGARETTES OR TOBACCO PRODUCTS ARE PERMITTED ON SCHOOL PREMISES) WITHIN THREE YEARS OF THE RECEIPT OF FUNDS; DESIGNATING THE DIRECTOR OF THE DEPARTMENT OF HUMAN SERVICES AS THE DISBURSING OFFICER FOR THE MEDICAL SERVICES FUND ACCOUNT, THE SENIOR CITIZENS FUND ACCOUNT AND THE CHILDREN'S SERVICES FUND ACCOUNT; PROVIDING THAT MONIES RAISED BY THIS TAX SHALL BE USED TO SUPPLEMENT, NOT SUPPLANT, FUNDING TO ANY PROGRAMS; PROVIDING THAT THE DEPARTMENT OF FINANCE AND ADMINISTRATION SHALL ENFORCE THIS ACT AND HAVE AUTHORITY TO PROMULGATE RULES AND REGULATIONS NECESSARY TO IMPLEMENT IT; PROVIDING FOR PUNISHMENT OF VIOLATORS OF THIS ACT IN THE MANNER PROVIDED BY THE ARKANSAS TAX PROCEDURE ACT; PROVIDING THAT THE EFFECTIVE DATE OF THIS ACT, AND THE TAXES LEVIED BY THIS ACT, IS JANUARY 1, 1993; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure